NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNOLDO SANTOS,<br><br>                    Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    21-70626<br><br>Agency No.    A205-317-305<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023**
Pasadena, California

Before:  WARDLAW and H.A. THOMAS, Circuit Judges, and ROSENTHAL,***
District Judge.

Arnoldo Santos ("Santos"), a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") affirming the

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        ***        The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Immigration Judge's ("IJ") decision denying Santos's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We dismiss Santos's asylum claim and otherwise deny the petition for review.

We review the agency's factual findings for substantial evidence, *see Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020), and "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez*, 918 F.3d. at 1027–28 (9th Cir. 2019).

1. We lack jurisdiction to review the IJ's denial of Santos's asylum application as untimely filed. The Immigration and Nationality Act strips courts of jurisdiction to review agency determinations related to exceptions to the asylum-application filing deadline, 8 U.S.C. § 1158(a)(3), except over "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D); *Alquijay v. Garland*, 40 F.4th 1099, 1102 (9th Cir. 2022). "Our jurisdiction to review mixed questions of law and fact is limited to instances where the underlying facts are undisputed." *Gasparyan v.*

*Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (internal quotation marks and citation omitted).

After considering Santos's testimony and the information in the record, the IJ found that Santos's ignorance of the law, rather than any issues related to his mental health, materially affected his ability to file timely an asylum application. The BIA affirmed the IJ's factual finding that that Santos had failed to show extraordinary circumstances for missing the one-year deadline to file a timely asylum application. We therefore lack jurisdiction to review the agency's finding. *See Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013) (holding that we lacked jurisdiction to review the IJ's determination "that [the applicant's] filing delay was caused by her ignorance of the one-year filing deadline, not . . . by the psychological trauma she experienced").

2.  Substantial evidence also supports the agency's denial of withholding of removal based on the finding that Santos failed to establish a nexus between the persecution he alleged and a protected ground. *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (holding that an applicant must show that the protected ground "was 'a reason' for his persecution" (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017))).

The record does not compel reversal of the IJ's conclusion that the two beatings Santos testified he received from Mara Salvatrucha gang members were not

3

because of his political opinions or his membership in his proposed particular social group of "young men who actively preach and proselytize for [e]vangelical Christianity." The gang members threatened Santos because he refused to join the gang, but the members never referred to his political or religious beliefs as a reason for their threats.

Because substantial evidence supports the BIA's determination that Santos failed to show a nexus between the persecution he identified and a protected ground, Santos's claim for withholding of removal fails. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of a nexus to a protected ground is dispositive of [petitioner's] asylum and withholding of removal claims").

3. Finally, substantial evidence also supports the BIA's denial of CAT relief. To qualify for CAT protection, an applicant must show "that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). "Torture" is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2).

The record does not compel the conclusion that the harm Santos suffered—two assaults, one of which resulted in a facial scar but did not require medical

4

treatment—rose to the level of torture. *See, e.g.*, *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (holding that multiple physical beatings over several years and economic deprivation did not rise to the level of torture). Substantial evidence also supports the IJ's determination that Santos did not show that "it is more than likely than not that . . . [he] will be tortured" if removed to Guatemala. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (internal quotation marks omitted). This evidence includes facts showing that members of Santos's family who share his religious beliefs and still live in his hometown have not been tortured or otherwise harmed.

**PETITION DISMISSED IN PART and DENIED IN PART.**